Frank A. **CARTER, Jr.,** Chief
Disciplinary Counsel

v.

Anthony F. **PENNACCHIA.**

No. 90–247–M.P.

Supreme Court of Rhode Island.

May 3, 1990.

Frank A. Carter, Chief Disciplinary Counsel, pro se.

John Tramonti, Providence, for defendant.

### ORDER

The petitioner has brought to the attention of this court the fact that respondent has pleaded nolo contendere to two charges contained in an indictment. One charge alleged that respondent committed the offense of second degree child molestation in violation of G.L.1956 (1981 Reenactment) § 11–37–4. The second charge alleged that respondent committed the offense of possession of cocaine in violation of G.L.1956 (1982 Reenactment) § 21–28–4.01(C)(1)(a).

Pursuant to his plea of nolo contendere he was adjudged guilty of both offenses in the Superior Court and sentenced to eight and three years of incarceration, respectively. In respect to the first charge, the sentence was suspended and respondent was placed on probation for eight years. With respect to the second charge, the sentence was suspended, and respondent was placed on probation for three years. Each of these sentences was to run concurrently with the other.

Disciplinary Counsel requested the court to impose disciplinary sanctions in accordance with rule 43 of the Supreme Court rules governing attorneys and counselors. Notice was issued to the respondent to appear before this court and show cause why his admission to the bar should not be revoked or suspended by reason of his conviction of a crime punishable by imprisonment for more than one year in this jurisdiction. Respondent appeared before this court in accordance with said notice on April 26, 1990. He was represented by counsel.

After hearing the arguments of counsel and a statement in mitigation by the respondent, we are of the opinion that respondent has exhibited sincere remorse for these offenses. Nevertheless, we are of the opinion that the nature of these offenses requires that we impose a disciplinary sanction. Consequently, the respondent is hereby suspended from the practice of law in this state until further order of this court.

Entered as an Order of this Court this 3rd day of May 1990.